IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELODIA BARAJAS, ) | |
| ) | No. 15 C 11162 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the U.S. Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Elodia Barajas ("Plaintiff" or "Ms. Barajas") has filed a motion for summary judgment seeking reversal or remand of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (doc. # 16: Pl.'s Mot. for Sum. J.).[2] The Commissioner has filed her own motion seeking affirmance of the decision denying benefits (doc. # 22: Def.'s Mot. for Sum. J.). For the following reasons, Ms. Barajas' motion for remand is granted and the Commissioner's motion is denied.

I.

On November 13, 2013, Plaintiff filed a claim for DIB, asserting that she became disabled on October 15, 2012 because of cervical pain, low back pain, pain in her right shoulder, arm and hands, arthritis, high blood pressure, difficulties in bending, stooping, walking, standing,

---

[1] On January 4, 2016, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgment (doc. # 8).

[2] While Plaintiff asserts having applied for SSI benefits, there is no application for SSI benefits in the record and the page cited by Plaintiff reflects only a DIB claim (R. 81, 175). Whether she applied for SSI benefits in addition to DIB does not matter for purposes of our analysis. Therefore, the Court only addresses the denial of Plaintiff's DIB benefits in this opinion.

sitting, and reaching with right arm and shoulder, and a thyroid ailment (R. 175, 191). Her claim was initially denied on March 15, 2013, and upon reconsideration on September 26, 2013 (R. 81, 110). Ms. Barajas, with a non-attorney representative and an interpreter, participated in a hearing before an Administrative Law Judge ("ALJ") on April 30, 2014; a vocational expert ("VE") also testified (R. 56). The ALJ issued a written decision on September 23, 2014, finding that plaintiff was not disabled from her onset date through the date of the decision (R. 39-49). The Appeals Council upheld the ALJ's determination on October 19, 2015, making it the final opinion of the Commissioner (R. 1-4). *See Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## II.

Ms. Barajas was born on August 8, 1960 and was 53 years old on her alleged disability onset date (R. 188). Her date last insured is December 31, 2016 (*Id.*), and so to be eligible for benefits, she must demonstrate that she became disabled prior to that date. *See Pepper v. Colvin*, 712 F.3d 351, 354 (7th Cir. 2013). The medical record contains doctor visit notes with Francisco Martinez, MD, spanning from August 31, 2006 through April 28, 2014, with more than eighteen visits between October 2011 and April 2014 for treatment of pain in her neck, right shoulder and right arm (R. 263-500).

In her opinion, the ALJ followed the familiar five-step process for determining disability set forth in 20 C.F.R. § 404.1520(a)(4). She found that Ms. Barajas' severe impairments are degenerative disc disease of the lumbar spine, cervical radiculitis, and obesity, but that none of these impairments, alone or in combination, met or medically equaled the severity of a listed impairment (R. 41-42). The ALJ fixed Ms. Barajas' residual functional capacity ("RFC") as the ability to perform "light work ... except that she can never climb ladders, ropes, or scaffolds and must avoid all exposure to unprotected heights and dangerous moving machinery" (R. 42). At

2

Step Four, the ALJ found that Ms. Barajas was capable of performing her past relevant work as a cleaner/housekeeper because this work does not require performance of work-related activities precluded by her RFC (R. 48).³

"We review the ALJ's decision deferentially only to determine if it is supported by 'substantial evidence.'" *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citations and quotations omitted). "Although we will not reweigh the evidence or substitute our own judgment for that of the ALJ, we will examine the ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).

Ms. Barajas contends that the ALJ made several errors in finding that she is not disabled. She asserts that the ALJ: (1) failed to properly weigh the opinion of Dr. Martinez, her treating physician; (2) failed to properly evaluate plaintiff's headaches and vertigo; (3) failed to adequately assess plaintiff's loss of strength in her right upper extremity; (4) failed to adequately assess plaintiff's credibility; and (5) failed to adequately assess the impact of plaintiff's obesity on her ability to work (Pl.'s Mot. for Sum. J. at 9-17). The Court finds that the ALJ erred by inadequately supporting her decision to give little weight to the medical opinion of Plaintiff's treating physician Dr. Martinez that Ms. Barajas is unable to perform essential functions of her

---

³The ALJ did not make an independent analysis under Step Five whether Plaintiff is able to make an adjustment to other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). Because at Step Four, the ALJ found Plaintiff was able to perform her past relevant work, she was not required to go on to the next step. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001); 20 C.F.R. § 404.1520(a)(4).

3

position as a cleaner/housekeeper and required a leave of absence because of her condition (R. 48). On that basis, we grant Plaintiff's motion.

### A.

"[A]n ALJ must give a treating physician's opinion controlling weight if two conditions are met: (1) the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) it is not inconsistent with substantial evidence in the record." *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010) (internal quotations omitted); 20 C.F.R. § 404.1527(c)(2). If the ALJ does not give a treating physician's opinion controlling weight, she is "required to provide a sound explanation" for rejecting it. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). Moreover, when an ALJ decides to give a treating physician less than controlling weight, he or she must consider six criteria in deciding how much weight to afford a medical opinion: (1) the nature and duration of the examining relationship, (2) the length and extent of the treatment relationship, (3) the extent to which medical evidence supports the opinion, (4) the degree to which the opinion is consistent with the entire record, (5) the doctor's specialization, if applicable, and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(c)(6); *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010) ("[e]ven if an ALJ gives good reasons for not giving controlling weight to a treating physician's opinion, [ ]he has to decide what weight to give that opinion," considering "the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and support for the physician's opinion."). If the ALJ decides not to give controlling weight to a treater's opinion, he or she must use these factors to minimally articulate sound reasons for that decision. *Campbell*, 627 F.3d at 308; 20 C.F.R. § 404.1527(c).

It is undisputed that Dr. Martinez was plaintiff's treating physician. The ALJ herself recognizes that Dr. Martinez is a "treating source with a lengthy relationship with the claimant" (R. 48). On November 27, 2012, Dr. Martinez prepared a Medical Certification Pursuant to Americans with Disabilities Act ("Medical Certification"), in which he stated that Ms. Barajas' chronic neck pain and cervical radiculopathy "substantially limits" her ability to perform one or more major life activities (R. 475).[4] As defined in the form, major life activities include "lifting, reaching ... performing manual tasks ... [and] working" (*Id*). Dr. Martinez specified that Ms. Barajas' medical condition limits her ability to lift, reach, perform manual tasks, and work, because performing these activities triggers pain in her neck, right shoulder and arm (R. 476). He further stated that the following essential job functions are limited by her condition: lifting, reaching, mopping, dusting, and vacuuming (R. 477). Dr. Martinez stated "no" in answer to the question of whether he knew "of any job modification or other accommodation that would enable [Ms. Barajas] to perform the affected essential functions of ...her job" (R. 477). He opines that her condition and its limitations are not temporary; they are all chronic (R. 476).

As an initial matter, we note that after deciding not to give Dr. Martinez's opinion controlling weight, the ALJ did not address all the Section 404.1527 factors when analyzing what weight to give it. This deficiency alone warrants remand. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). This is particularly the case here, where an analysis of factors not discussed may have weighed in favor of giving more credit to Dr. Martinez's opinion: for example, Dr. Martinez's chronic pain opinion is supported by Sandeep Amin, M.D., a doctor from the University Pain Center treating Plaintiff during the relevant time period (R. 488).

---

[4] The record does not disclose what prompted Dr. Martinez to complete that form.

5

While recognizing Dr. Martinez is a treating source with a lengthy relationship with Ms. Barajas, the ALJ justified according little weight to Dr. Martinez's opinion on the ground that Dr. Martinez did "not quantify specific functional limitations but rather, stated that [Plaintiff] cannot work due to deficits in lifting, reaching, mopping, dusting, and vacuuming" (R. 48). This is not a "sound explanation" because, contrary to the ALJ's statement, the inabilities to lift and reach *are* functional limitations. Moreover, if by a failure to "quantify" the ALJ meant that Dr. Martinez failed to provide a specific weight limitation on lifting, that criticism is not a sound reason to jettison all of the limitations Dr. Martinez described.

In *Garcia v. Colvin*, 741 F.3d 758, 760 (7th Cir. 2013), the ALJ had given "no weight" to the plaintiff's treating physician's opinion that his patient was "disabled and unable to perform any functions" on the ground that "determining disability is reserved to the Commissioner of Social Security." Reversing the opinion and remanding for further consideration, the appeals court held if the ALJ was concerned that the doctor may not be acquainted with the full range of jobs that a person with the claimant's ailments could fill, he "should have asked the doctor to specify more exactly what 'functions' [the claimant] is incapable of performing." *Id*. In the instant case, in his Medical Certification, Dr. Martinez opined that Ms. Barajas' chronic neck pain and cervical radiculopathy substantially limits her ability to perform various essential job functions including lifting, reaching, performing manual tasks, mopping, dusting, and vacuuming (R. 476-477). When describing her former work cleaning offices, Ms. Barajas stated that she vacuumed, mopped, picked up garbage and took it to a dumpster, moved furniture around to clean in between pieces, climbed on a stool or chair to clean fans and cabinets, and dragged her cart full of cleaning supplies. As in *Garcia*, if the ALJ concluded that Dr. Martinez's opinion

6

insufficiently specified Ms. Barajas' functional limitations, she should have asked Dr. Martinez to clarify more exactly what functions Ms. Barajas is incapable of performing.

We further find that the ALJ failed to adequately support her determination that Dr. Martinez's opinion was not supported by his records. Without citation to the record, the ALJ stated that Dr. Martinez's treatment notes do not support the functional deficits he described (R. 48). The Commissioner argues in support of the ALJ's weight determination by merely citing the ALJ's opinion, but -- as was true with the ALJ -- the Commissioner fails to cite to anything in Dr. Martinez's medical records that undermines or is inconsistent with his opinion. In fact, Dr. Martinez's treatment notes from various examinations between 2012 and 2014 record a decreased range of motion in plaintiff's neck and upper extremities and a loss in right arm muscle strength (R. 271, 279, 289, 515), and prescribe plaintiff remain "off work" because of her radiculitis cervical (R. 289, 290, 293, 296, 375, 381). And, his opinion of chronic pain was supported by the records of Dr. Amin during this time period (R. 488).

The ALJ's final reason for according little weight to Dr. Martinez's opinion, that "the issue of disability is reserved to the Commissioner of Social Security" (R. 48), fares no better. As explained by the Seventh Circuit, while it is true "that whether the applicant is sufficiently disabled to qualify for social security disability benefits is a question of law that can't be answered by a physician," whether a claimant is disabled "depends on the applicant's physical and mental ability to work full time, and that is something to which medical testimony is relevant and if presented can't be ignored." *Garcia*, 741 F.3d at 760. From at least October 14, 2011, Dr. Martinez notes that upon physical examination Plaintiff has decreased muscle strength in her right upper extremity (R. 271). The treatment notes through the middle of 2012 continue to document pain in her neck and back, and weakness in her right arm (R. 276, 279). Ms. Barajas

7

saw Dr. Martinez on October 24, 2012 for headache and dizziness, and reported that the pain in her "right side neck, shoulder and right arm has worsened lately" (R. 289). On examination, she exhibited a decreased range of motion and muscle strength in her right upper extremity (*Id.*). Prior to that visit, Ms. Barajas had tried to continue working, but at the October 24 visit, "in view of worsening symptoms," Dr. Martinez prescribed Norco (a narcotic pain medication), and stated "off work until reevaluation next weeks" (*Id*). Ten medical visits with Dr. Martinez between November 2012 and March 2014 further document Ms. Barajas' pain, decreased range of motion and/or right arm weakness, with Dr. Martinez continuing to prescribe that Ms. Barajas remain off work pending further reevaluation (R. 293, 294, 296, 363, 371, 372, 374, 375, 382, 501-502, 506, 513, 522, 533). These treatment notes and findings by Dr. Martinez are relevant in considering whether Ms. Barajas is physically able to work full-time and cannot be ignored. The decision of whether Ms. Barajas is disabled for purposes of the Act surely is a decision reserved to the ALJ. But, without a better explanation, the ALJ was not entitled to give little weight to these opinions of the treaters in deciding Ms. Barajas' RFC, which is critical in deciding whether she is disabled.

**B.**

Because we find that the ALJ's treatment of Dr. Martinez's opinion is a sufficient basis to warrant remand, we need not address plaintiff's remaining arguments. *See Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011) ("These flaws are enough to require us to remand ... [and] [w]e therefore needn't decide whether the reasons the ALJ gave in support of her adverse credibility finding ... were so 'patently wrong' as to separately require remand."). However, we comment briefly on the ALJ's use of Plaintiff's attempts to continue working after her cervical spine

fusion surgery in 2010 as a basis to find her less then credible when describing the intensity of her pain and extent of her limitations.

The record reflects that Ms. Barajas performed housekeeping/cleaning duties for janitorial services from January 1988 through 2012 (R. 179-180, 210). In December 2011, Plaintiff did not work because her cervical radiculitis and pain left her unable to perform her job duties (R. 273-4). In January 2012, Plaintiff returned to work telling Dr. Martinez during a medical visit that she was able to perform her job duties because the work load was "lighter," and that while in pain, she was "willing to try to perform her job duties" (R. 275). In October 2012, Plaintiff reported to Dr. Martinez that the pain in her neck, right shoulder, and right arm "has worsened lately" (R. 289). Upon examination Ms. Barajas exhibited a decreased range of motion and muscle strength (*Id.*). "[I]n view of worsening symptoms" of her cervical radiculitis, Dr. Martinez prescribed Narco, treatment at the pain clinic, and that Plaintiff be "off work" until she was reevaluated (*Id.*).

The ALJ found that Ms. Barajas's statements regarding the intensity and limiting effects of her impairments was not supported by the record because she "had ongoing work activity after her surgery into 2012" (R. 47). However, we are concerned that "[t]his logic is backward: a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015) (*internal citations omitted*) (finding ALJ improperly discredited claimant's testimony regarding back and neck pain because she still wanted to work, and in fact performed manual labor for many years after neck surgery). *See also Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) (*internal citations omitted*) ("An ALJ is not statutorily required to consider a claimant's work history, but 'a 'claimant with a good work record is entitled to substantial credibility when claiming an

9

inability to work because of a disability.' ' In assessing Stark's credibility about the disabling effects of her pain, the ALJ should have acknowledged Stark's efforts to continue work while experiencing significant pain"). On remand, after determining the proper weight for Dr. Martinez's opinions, the ALJ should revisit her assessment of Ms. Barajas' credibility in light of these authorities.

## CONCLUSION

For the foregoing reasons, we grant Plaintiff's motion for summary judgment (doc. # 16) and deny the Commissioner's motion to affirm the denial of benefits (doc. # 22). This case is remanded to the ALJ for further proceedings consistent with this opinion.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATED: December 8, 2016